NO. 07-04-0001-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 10, 2004



______________________________




BETTY ANN NEWBY, APPELLANT



V.



SHERIA EVANS, INDIVIDUALLY AND AS ADMINISTRATRIX


OF THE ESTATE OF GEORGE RALPH NEWBY, JR., DECEASED, APPELLEE




_________________________________



FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 34,142; HONORABLE JACK YOUNG, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION


 On January 2, 2004, the clerk of this court received a copy of a Notice of Appeal 
filed on behalf of appellant, Betty Ann Newby. By letter dated May 20, 2004, the clerk
advised appellant that the trial court clerk had advised this Court that arrangements had
not been made for payment of the trial court clerk's record. The appellant was directed to
provide this Court with proof that the record was either paid for or satisfactory
arrangements had been made by June 2, 2004. 

 No response to the appellate clerk's letter of May 20, 2004 has been received,
therefore, this appeal is dismissed. See Tex. R. App. P. 37.3(b) 

 

 Phil Johnson

 Chief Justice



 


 



uld be a condition of probation. 


 Now I need to know whether or not they would consider that, or how
they would consider it.


 THE COURT: I think you are entitled to talk about the conditions of probation. 
What is your position?


 [THE STATE]: Our position, Your Honor, is that that is not a decision that
they can base any decision on sexual registration requirement. And since
they do not have any bearing on that, it would not be appropriate and - - 


 [THE STATE]: Your Honor, another thing is, it's the law, you are not to mention that, that's the law, just conditions of probation, it's the law and you
could order him to counseling and treatment and that kind of thing, but once
you mention the probation, that this is not technically correct, and that's the
law, and you have to do that regardless. We have no problem with him
talking about the conditions of probation, what probation is about and all that,
but it's not a condition of probation to register. That's the law. 


 MR. SPRIGGS: Your Honor, it says in the probation that you can't commit no
other crimes against the U.S., and also that's the law, and that's a condition
that he must obey. If, in fact, he is convicted of this crime, it does
become a part of the conditions of probation. 


 THE COURT: So you want to talk about every possible offense someone
could commit?


 MR. SPRIGGS: No, sir. What I want to talk about is that specific condition
because that's mandatory.


 THE COURT: I don't believe that's - - I don't believe you can go into that, and
I'm not going to allow you to. 


 MR. SPRIGGS: Okay. I just want to put it on the record. 

Appellant contends, before us, that he should have been allowed to question the jury
regarding the requirement to register as a sex offender. Yet, we note that omitted from the
exchange between the trial court and defense counsel (as well as the record) was mention
of any particular questions counsel sought to pose to the venire. This is fatal because it
is not enough to inform the trial court of a particular topic on which one hopes to conduct
voir dire. Rather, the particular question or questions that the litigant intends to ask must
be disclosed to preserve any complaint about the trial court's ruling. Sells v. State, 121
S.W.3d 748, 756 (Tex. Crim. App.), cert. denied, 540 U.S. 986, 124 S.Ct. 511, 157 L.Ed.2d
378 (2003); Mohammad v. State, 127 S.W.3d 163, 170 (Tex. App.-Houston [1st Dist.] 2003,
pet. ref'd). Since that was not done here, we overrule the issue.

 Accordingly, the judgment of the trial court is affirmed.


 Per Curiam


Do not publish.